JUSTIN HEWGILL (259528)
EFAON COBB (282228)
**HEWGILL COBB & LOCKARD, APC**
1620 5th Avenue, Suite 325
San Diego, CA 92101
Phone: (619) 432-2520;
Fax: (619) 377-6026
contact@hcl-lawfirm.com

BEN TRAVIS (305641)
**BEN TRAVIS LAW, APC**
4660 La Jolla Village Drive, Suite 100
San Diego, CA 92122
Phone: (619) 353-7966
ben@bentravislaw.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

JUAN BAZABAL, an individual; KEINARD
SIMPSON, an individual, on behalf of
themselves and all others similarly situated

        Plaintiffs,

      v.

GREYHOUND LINES, INC., a Delaware
corporation; and DOES 1 through 10, Inclusive,

        Defendants.

Case No.: **'22 CV 1520 JLS  AHG**

**CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiffs JUAN BAZABAL ("Bazabal") and KEINARD SIMPSON ("Simpson") (collectively "Plaintiffs"), by and through their attorneys, bring this action on behalf of themselves, and all other similarly situated employees who are or were employed as drivers by GREYHOUND LINES, INC. ("Greyhound"), and DOES 1 through 10, inclusive (collectively, "Defendants"), driving routes with stops in California, between four years prior to the filing of this complaint through the date of final disposition of this action. Plaintiffs hereby allege, on information and belief, except for information based on personal knowledge, which allegations are likely to have evidentiary support after further investigation and discovery, as follows:

## **INTRODUCTION**

1.      This California-based class action is brought on behalf of Plaintiffs and the Class[1] because of Defendants' systematic mistreatment of their employees, in violation of California's wage and hour laws.

2.      Greyhound is the largest provider of intercity bus transportation, serving 2400 destinations across North America[2].

3.      Greyhound's routes include stops in the United States, Canada and/or Mexico.

4.      Many of Greyhound's routes cross states lines as well as international borders.

5.      Defendants are involved in interstate commerce as they are in the business of transporting customers to various destinations, including across state lines.

6.      Defendants underpay their employees in violation of California law, by failing to pay them for all time worked, by paying them less than minimum wage for hours that they are not driving, and by underpaying them for reporting time.

7.      As a result, Defendants also failed to provide their employees with accurate wage statements and maintain adequate records and failed to pay all wages owed upon termination of employment.

8.      Upon information and belief, the above practices are still ongoing.

9.      In order to redress the harms suffered, Plaintiffs, on behalf of themselves and the Class,

---

[1] The "Class" is defined in paragraphs 48-51.
[2] https://www.greyhound.com/en/about (last accessed September 20, 2022)

CLASS ACTION COMPLAINT

bring claims associated with Defendants' violations of the California Labor Code and IWC Wage Order 9, including: (1) failure to pay all minimum wages;  (2) failure to pay proper reporting time pay; (3) failure to provide accurate wage statements in violation of Labor Code §226; (4) failure to timely pay wages when due at termination in violation of Labor Code §§201 and 202; and (5) violation of the Unfair Competition Law ("UCL") pursuant to Business & Professions Code §17200, et seq.

## JURISDICTION AND VENUE

10.    This Court has personal jurisdiction over Defendants because Defendants have conducted and continue to conduct substantial business in the State of California, employ numerous individuals in California, and have intentionally availed themselves of the laws and markets of California through the operation of their business in California.

11.    This court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d), as Plaintiffs (California) and Defendant Greyhound (Delaware) are diverse, there are over 100 class members, and the amount in controversy exceeds $5 million.

12.    Venue is proper in this Court because Defendants employ numerous individuals in this District, including Plaintiff Juan Bazabal, and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

### A.  PLAINTIFFS

13.    Plaintiff JUAN BAZABAL is an individual over the age of eighteen years, and at all times relevant herein was and is, a resident of the County of San Diego in the State of California.

14.    During the Class Period, Plaintiff Bazabal worked as a driver for Defendants in California. Plaintiff Bazabal was employed by Defendants from in or around October 2018 through mid-2020.

15.    Plaintiff KEINARD SIMPSON is an individual over the age of eighteen years, and at all times relevant herein was and is, a resident of the County of Los Angeles in the State of California.

16.    During the Class Period, Plaintiff Simpson worked as a driver for Defendants in California. Plaintiff Simpson has been employed by Defendants since in or around May 2013 and is

1   still currently employed by Defendants.

2   **B. <u>DEFENDANTS</u>**

3   17.    Defendant Greyhound is a Delaware Corporation with its headquarters in the State of

4   Texas.

5   18.    On information and belief, Defendants are doing business in the State of California,

6   including but not limited to the County of San Diego.

7   19.    Based on information and belief, Defendants had the authority to, directly or indirectly,

8   or through an agent or other person, employ or exercise control over Plaintiffs' and the Class's wages,

9   hours, and working conditions.

10   20.    Based on information and belief, Defendants had knowledge of the wage-and-hour

11   violations alleged herein and each defendant had the power to prevent the violations from occurring.

12   Having knowledge of the wage-and-hour violations set forth in this Complaint, Defendants could

13   have but failed to prevent the violations from occurring.

14   21.    Plaintiffs do not know the true names and capacities of defendants sued herein as DOES

15   1 through 10, and therefore sue these defendants by such fictitious names. Plaintiffs will amend this

16   Complaint to allege the true names and capacities when they are ascertained.

17   22.    Plaintiffs believe and thereon allege that each "Doe" Defendant is responsible in some

18   manner for the occurrences herein alleged, and Plaintiffs' injuries and damages as herein alleged are

19   directly, proximately and/or legally caused by Defendants and their acts.

20   23.    Plaintiffs are informed and believe and thereon allege that the aforementioned DOES

21   are somehow responsible for the acts alleged herein as the agents, employers, representatives or

22   employees of other named Defendants, and in doing the acts herein alleged were acting within the

23   scope of their agency, employment or representative capacity of said named Defendants.

24   24.    The tortious acts and omissions alleged herein were performed by Defendants'

25   management level employees. Defendants allowed and/or condoned a continuing pattern of unlawful

26   practices in violation of the California Labor Code, and have caused, and will continue to cause,

27   Plaintiffs' economic damage in an amount to be proven at trial.

28

CLASS ACTION COMPLAINT

**<u>FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS</u>**

25.    Greyhound provides intercity bus transportation through which it transports passengers to various destinations in the United States, Canada and Mexico.

26.    Many of Greyhound's routes cross states lines as well as international borders.

27.    Greyhound hires drivers to drive its bus routes. Some drivers have consistent routes each day. Other drivers drive what is called "Extra Board", which means that they drive different routes instead of the same consistent route.

28.    When a driver drives an "Extra Board" route, it often requires the driver to be transported to and from a stop that is not close to his or her residence. Greyhound transports the driver on one of its buses to and from that starting point.

29.    Plaintiffs were employed by Defendants as drivers, to drive routes and pick up and drop off passengers.

30.    Plaintiff Bazabal worked "Extra Board" routes. Plaintiff Bazabal's routes took him over state lines as well as internationally into Vancouver.

31.    Plaintiff Simpson drove a regular consistent route on most days. On off-days he would drive "Extra Board" which took him out of state. Additionally, in the summers, Plaintiff Simpson would drive a route from California to Phoenix, Arizona.

32.    Throughout Plaintiffs' employment, they were compensated by the payment of hourly wages.

33.    Defendants did not pay Plaintiffs based on actual hours worked. Rather, Defendants paid Plaintiffs by estimating how long their routes would take, and paying them for that time, irrespective of how long the routes took.

34.    It was practically impossible for routes to take less time than Defendants' estimate, as drivers were required to arrive to and leave stops at certain times. In fact, it was common for routes to take longer than estimated.

35.    Defendants did not properly pay Plaintiffs for time spent working before and after their routes.

**Pre-Routes**

36.    Plaintiffs were required to be ready to start driving their buses at the starting time of their routes. If their buses were not ready, they were disciplined by Defendants.

37.    As a result, Defendants required Plaintiffs to arrive early to pre-check their buses and ensure they were ready on time. Such preparation regularly took between 30-60 minutes. However, Defendants have a policy that they only pay drivers for 15 minutes pre-check time. As a result, Plaintiffs have not been paid wages for the time spent working pre-routes that were in excess of 15 minutes.

38.    On occasion, drivers would be called in to work but would not be provided a route for the day. The drivers would wait around for hours before being sent home but would only be paid $90 for those days. Plaintiffs and Class Members were not paid minimum wage for those hours they were required to wait. Furthermore, the $90 was below the amount Defendants were required to pay for reporting time.

**Post-Routes**

39.    Defendants have a policy that they do not pay employees for time spent working after the scheduled end of their route, unless the time exceeds 45 minutes. However, even when the employee works more than 45 minutes, Defendants only pay them for those minutes that exceed 45.

40.    As a result, Plaintiffs have not been paid wages for those hours worked post-route.

**Non-Driving Time**

41.    Defendants have a policy to pay employees two different rates depending on whether they are driving or not. For the non-driving time, Plaintiffs and other Class members were paid half of their hourly rate, which is less than the California minimum wage.

42.    Examples of non-driving time include:

    a)    Plaintiffs and other Class members who worked "Extra Board" were required to begin their routes in other cities or states from their residences. Defendants transported them by bus to and from their starting locations and they were under the control of Defendants during that time. The time spent on the bus is referred to as "cushion time" and they were paid the non-driving rate for that time.

6
CLASS ACTION COMPLAINT

b) Plaintiffs and other class members were required to take drug tests. Thy were paid the non-driving rate for the time spent taking those tests.

c) Defendants required Plaintiffs and other Class members to attend meetings and they were paid the non-driving rate for those meetings.

d) When Plaintiffs' and Class members' buses broke down and they were waiting for repairs, they were paid non-driving time for that time.

e) On occasion, Plaintiffs and other Class members would be called in to work but would not be provided a route for the day. The drivers would wait around for hours before being sent home but would only be paid $90 for those days, which was below the California minimum wage.

43.    As a result of the above-mentioned violations, Plaintiffs' wage statements were inaccurate as they did not include the proper wages for all hours worked.

44.    When Plaintiff Bazabal's employment with Defendants ended, Defendants failed to pay him all money he was owed, as a result of not paying him proper wages for all hours worked.

45.    Plaintiffs are informed and believe that the above practices they experienced were not unique to them but rather were company-wide policies and practices for all drivers in the State of California and were suffered by all employee drivers.

46.    Plaintiffs are informed and believe that the unlawful wage and hour policies described in this action are set centrally and are applicable through-out the fleet of drivers across California.

47.    Plaintiffs are informed and believe that the unlawful wage and hour policies described in this action are still ongoing.

## CLASS ACTION ALLEGATIONS

48.    Plaintiffs bring this class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the following Class:

All current and former Bus Driver/Operator employees of Defendants who drove routes with stops in California during the Class Period.

49.    "Bus Driver/Operator" means an employee whose duties include, in part, the operation of a passenger bus, in the course of Defendants' business of providing transportation to passengers

CLASS ACTION COMPLAINT

1  by means of bus services.

2  50.  "Class Period" means the period from four years prior to the filing of this action through

3  the date of final disposition of this action.

4  51.  Excluded from the Class are Defendants, their officers and directors, families and legal

5  representatives, heirs, successors, or assigns and any entity in which Defendants have a controlling

6  interest, and any Judge assigned to this case and their immediate families.

7  52.  Plaintiffs reserve the right to amend or modify the definition of the Class to provide

8  greater specificity and/or further division into subclasses or limitation to particular issues.

9  53.  **Numerosity- Fed. R. Civ. P. 23(a)(1):** The members of the Class are so numerous that

10  joinder of all members is impracticable. The exact number or identification of Class members is

11  presently unknown, but it is believed that there are several thousand class members in the Class. The

12  identity of the Class members is ascertainable and can be determined based on records maintained by

13  Defendants.

14  54.  **Predominance of Common Questions- Fed R. Civ. P. 23(a)(2), 23(b)(3):** There are

15  multiple questions of law and fact common to the Class that will predominate over questions affecting

16  only individual class members. The questions of fact that are common to the Class members and

17  predominate over questions that may affect individual Class members, include, whether Defendants:

18      a)  Failed to pay Plaintiffs and members of the Class all of their earned wages and

19          compensation;

20      b)  Failed to pay Plaintiffs and members of the Class minimum wages;

21      c)  Failed to furnish to Plaintiffs and members of the Class accurate, itemized wage

22          statements compliant with Labor Code §226;

23      d)  Failed to timely pay Plaintiffs and members of the Class all of their earned wages,

24          compensation and benefits immediately upon termination of their employment or

25          within seventy-two hours of them quitting.

26  55.  The questions of law that are common to the Class members and predominate over

27  questions that may affect individual Class members, include:

28      a)  Whether the provisions of the Labor Code include the employer's obligation to pay all

earned wages and to pay all such earned wages at the time of the termination of a member of the Class's employment;

b) The requirements for a wage statement to be compliant with Labor Code §226; and/or

c) What remedies, including restitution, compensatory damages, statutory and civil penalties, additional wages and disgorgement of revenue, are available under California law to members of the Class who were not paid all earned wages, compensation and benefits; were not paid all wages and compensation earned at the time of the termination of their employment relationship with Defendants; and were not provided lawful wage statements.

56.    **Typicality- Fed. R. Civ. P. 23(a)(3):** Plaintiffs' claims are typical of the claims of the Class because Plaintiffs and all putative Class members were subject to, and affected by, Defendants' systemic policies and practices alleged herein.

57.    **Adequacy—Fed. R. Civ. P. 23(a)(4); 23(g)(1):** Plaintiffs are adequate representatives of the Class because they are members of the Class and their interests do not conflict with the interests of the members of the Class they seek to represent. Plaintiffs are represented by experienced and competent Class Counsel. Class Counsel have litigated numerous class actions. Class counsel intend to prosecute this action vigorously for the benefit of everyone in the Class. Plaintiffs and Class Counsel can fairly and adequately protect the interests of all of the members of the Class.

58.    **Superiority—Fed. R. Civ. P. 23(b)(3):** The class action is superior to other available methods for fairly and efficiently adjudicating this controversy because individual litigation of Class members' claims would be impracticable and individual litigation would be unduly burdensome to the courts. Without the class action vehicle, the Class would have no reasonable remedy and would continue to suffer losses. Further, individual litigation has the potential to result in inconsistent or contradictory judgments. There is no foreseeable difficulty in managing this action as a class action and it provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

# FIRST CAUSE OF ACTION

## Failure to Pay Minimum Wages

### [Cal. Labor Code §§ 200, 204, 1194 & 1197]

59.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

60.     Labor Code section 1194(a) states "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit." Liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon are provided for under Labor Code section 1194.2.

61.     Labor Code section 1197 states "The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."

62.     Labor Code section 1197.1 (a) states "Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Labor Code §203..."

63.     As provided for in Section 1197.1(a)(1), for any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

64.     Section (B) of the "Minimum Wages" provision of IWC Wage Order 9 states "Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission or otherwise."

65.     As set forth above, Defendants failed to pay Plaintiffs and Class members wages for time spent working both pre-route and post-route.

66.     As such, Plaintiffs and other Class members are owed wages for those unpaid hours.

67.     Further, as set forth above, Defendants paid Plaintiffs and other Class members below minimum wage for non-driving time.

68.     As such, Plaintiffs and other Class members are owed wages for those underpaid hours.

69.     Plaintiffs and other Class members are entitled to recover from Defendants all of such unpaid regular pay, with pre-judgment interest, liquidated damages and reasonable attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194 and 1194.2.

<u>**SECOND CAUSE OF ACTION**</u>

**Failure to Pay Proper Wages for Reporting Time**

**[IWC Wage Order 9]**

70.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

71.     Each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage. See IWC Wage Order 9 ¶5.

72.     On occasion, Plaintiffs and other Class members were required to report to work and wait for hours but were not provided routes to drive. Defendants had a policy that they only paid a flat $90 to such employees for showing up, irrespective of the requirement to pay half of the usual day's work at the employee's regular rate of pay.

73.     Plaintiffs and other Class members were not paid their proper rates of pay for reporting time as required by IWC Wage Order 9.

74.     Plaintiffs and Class members are entitled to recover the premium wages prescribed by the Wage Order for each scheduled or regular shift where they reported for work, as required, but were not permitted to work or for which they worked less than half of the regular or scheduled shift.

1    75.    Plaintiffs and other Class members are entitled to recover from Defendants all of such

2    unpaid regular pay, with pre-judgment interest, liquidated damages and reasonable attorneys' fees,

3    and costs of suit pursuant to Labor Code §§ 1194 and 1194.2.

4    ### THIRD CAUSE OF ACTION

5    **Failure to Provide Accurate Wage Statements**

6    **[Cal. Labor Code § 226]**

7    76.    Plaintiffs re-allege and incorporate by reference each and every allegation contained

8    in the preceding and subsequent paragraphs as though fully set forth herein.

9    77.    Labor Code § 226(a) states in pertinent part that every employer shall provide an

10    accurate itemized statement in writing with respect to each one of its employees showing: 1) gross

11    wages earned; 2) total hours worked by an employee, except for any employee whose compensation

12    is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of

13    Section 515 or any applicable order of the Industrial Welfare Commission; (3) the number of piece

14    rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all

15    deductions, provided that all deductions made on written orders of the employee may be aggregated

16    and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the

17    employee is paid; (7) the name of the employee and the last four digits of his or her social security

18    number or an employee identification number other than a social security number; (8) the name and

19    address of the legal entity that is the employer...; and (9) all applicable hourly rates in effect during

20    the pay period and the corresponding number of hours worked at each hourly rate by the employee.

21    78.    Labor Code § 226.3 provides that "Any employer who violates subdivision (a) of

22    Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per

23    employee per violation in an initial citation and one thousand dollars·($1,000) per employee for

24    each violation in a subsequent citation for which the employer fails to provide the employee a wage

25    deduction statement or fails to keep the records required in subdivision (a) of Section 226."

26    79.    In addition, Labor Code § 226(e) imposes a penalty of the greater of all actual

27    damages or $50 for the initial pay period in which a violation occurs and $100 per employee for

28    each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000, and

1  Plaintiffs are entitled to an award of costs and reasonable attorney's fees.

2      80.    Section (B) of the "Records" provision of IWC Wage Order 9 states that "Every

3  employer shall semimonthly or at the time of each payment of wages furnish each employee, either

4  as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an

5  itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for

6  which the employee is paid; (3) the name of the employee or the employee's social security

7  number; and ( 4) the name of the employer, provided all deductions made on written orders of the

8  employee may be aggregated and shown as one item."

9      81.    Labor Code § 1174(d) provides that an employer must keep, at a central location in

10  the state or at the plants or establishments at which employees are employed, payroll records

11  showing the hours worked daily by and the wages paid to, employees employed at the respective

12  establishments. These records shall be kept on file for not less than three years. Labor Code §

13  1174.5 provides for a civil penalty of five hundred dollars ($500) for an employer who willfully

14  fails to maintain the records pursuant to Labor Code section l 174(d).

15      82.    Sections (7)(A)( 4) and (5) of the "Records" provision of  IWC Wage Order 9

16  provides that employers shall keep accurate information with respect to each employee, including

17  total wages paid each payroll period, total hours worked during the payroll period, and applicable

18  rates of pay, as well as time records showing when each employee begins and ends each work

19  period. The time records must also show meal periods, split shift intervals, and total daily hours

20  worked.

21      83.    Defendants failed to maintain records as set forth in § 1174 of the Labor Code and the

22  "Records" section of IWC Wage Order 9 including but not limited to, accurately recording total

23  hours worked. Due to Defendants not paying minimum wages for all hours worked, Defendants do

24  not record proper hours and wages, and do not provide legally compliant wage statements

25  accurately accounting for hours, wages, deductions, etc.

26      84.    Labor Code §§226(e) and (h) provide for the remedy for wage statement violations:

27          (e) An employee suffering injury as a result of a knowing and

28  intentional failure by an employer to comply with subdivision (a) is entitled to

recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

(h) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

85.    By knowingly and intentionally failing to keep accurate time records as required by Labor Code §§226, 1174(d), and IWC Wage Order 9, ¶7, Defendants have injured Plaintiffs and the other members of the Class and made it difficult to calculate the unpaid wages owed, and losses and expenditures not indemnified by Defendants (including wages, interest and penalties thereon) due Plaintiffs and the Class.

86.    Because of Defendants' unlawful acts, Plaintiffs and the Class are entitled to bring this action to recover damages, ensure compliance and recover costs and reasonable attorneys' fees. Lab. Code §226(e)-(h).

### FOURTH CAUSE OF ACTION

**Failure to Pay All Wages Due Upon Termination**

**[Cal. Labor Code §§ 201-203]**

87.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

88.    Labor Code § 201 states "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

89.    Labor Code § 202 states "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

90.    Labor Code § 203(a) states, in relevant part; "If an employer willfully fails to pay,

CLASS ACTION COMPLAINT

1    without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any

2    wages of an employee who is discharged or who quits, the wages of the employee shall continue as

3    a penalty from the due date thereof at the same rate until paid or until an action therefore is

4    commenced; but the wages shall not continue for more than 30 days."

5        91.    Labor Code § 204(a) states in pertinent part "All wages... earned by any person in any

6    employment are due and payable twice during each calendar month, on days designated in advance

7    by the employer as the regular paydays."

8        92.    Due to Defendants not paying minimum wages as alleged above, Defendants do not

9    pay all wages. Defendants failed to pay Plaintiffs and other Class members all minimum wages due

10   and owing during and upon termination of employment. Defendants willfully failed to pay all wages

11   when required by §§ 201 and 202 of the Labor Code. Therefore, Defendants owe waiting time

12   penalties to all affected employees including Plaintiff Bazabal.

13       93.    Defendants failed to pay earned wages to Plaintiff Bazabal and members of the Class

14   upon their termination and/or within 72 hours of the last day of their employment with Defendants.

15   More than 30 days have passed since Plaintiff Bazabal and members of the Class have been

16   terminated and/or quit Defendants' employ.

17       94.    Because of Defendants' willful conduct in not paying all wages due upon discharge

18   and/or resignation of employment, Plaintiffs and the other members of the Class are entitled to 30-

19   days' wages as a penalty under Labor Code §203, plus interest thereon. Pursuant to Labor Code

20   §218.5, Plaintiffs and the other members of the Class are also entitled to attorneys' fees and costs.

21                                   **FIFTH CAUSE OF ACTION**

22                              **Violation of the Unfair Competition Law**

23                          **[Business & Professions Code § 17200 *et seq.*]**

24       95.    Plaintiffs re-allege and incorporate by reference each and every allegation contained

25   in the preceding and subsequent paragraphs as though fully set forth herein.

26       96.    Defendants engaged in unlawful activity prohibited by Bus. & Prof. Code §17200, *et*

27   *seq.* The actions of Defendants as alleged within this Complaint constitute unlawful and unfair

28   business practices with the meaning of Bus. & Prof. Code §§17200, *et seq.*

97.    Defendants have conducted the following unlawful activities:

a)    violations of Labor Code §§ 200, 204, 1194 & 1197 and IWC Wage Order 9 by not paying Plaintiffs and the Class minimum wages for all hours worked.

b)    violations of IWC Wage Order 9 by not paying Plaintiffs and the Class proper wages for reporting time.

c)    violations of Labor Code §§226, 1174, and IWC Wage Order 9, by failing to maintain and provide Plaintiffs and the Class with accurate payroll and time records;

d)    violations of Labor Code §204 by failing to timely pay all earned wages to Plaintiffs and the Class;

e)    violations of Labor Code §§201, 202, and 203 by failing to pay earned wages to Plaintiffs and the Class upon their termination and/or within 72 hours of the last day of their employment with Defendants;

f)    And/or any other violations of applicable law and/or unfair practices arising from the allegations stated herein.

98.    Defendants' activities also constitute unfair practices in violation of Bus. & Prof. Code §§17200, *et seq.*, because Defendants' practices violate the above noted laws, and/or violate an established public policy, and/or the practice is immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiffs and the Class.

99.    The identified violations of the Labor Code, Wage Order, Regulations, laws, and public policy constitute business practices because they were done repeatedly over time and in a systematic manner to the detriment of Plaintiffs and the Class

100.    Because of Defendants' violations of the Labor Code, Wage Order, Regulations, laws, and public policy, Plaintiffs and the Class have suffered injury-in-fact and have lost money or property because of Defendants' practices. This injury-in-fact and loss of money or property consists of the lost wages and other restitutionary remedies provided by the Labor Code, Regulations, Wage Order, laws and public policy as detailed in this Complaint and other resulting harms. Plaintiffs and the Class are entitled to restitution, an injunction, declaratory, and other equitable relief against such unlawful practices to prevent future damage for which there is no

CLASS ACTION COMPLAINT

1  adequate remedy at law.

2      101.   As a direct and proximate result of the unfair business practices of Defendants,

3  Plaintiffs and the Class are entitled to equitable and injunctive relief, including full restitution of all

4  wages which have been unlawfully lost as a result of the business acts and practices described

5  herein and enjoining Defendants to cease and desist from engaging in the practices described herein

6  for the maximum time permitted pursuant to Bus. & Prof. Code §17208, including any tolling.

7      102.   The unlawful and unfair conduct alleged herein is continuing. Plaintiffs believe and

8  allege that if Defendants are not enjoined from the conduct set forth in this Complaint, it will

9  continue to violate the noted laws.

10      103.   Plaintiffs and the Class are also entitled to and hereby claim attorneys' fees and costs,

11  pursuant to the private attorney general theory doctrine (Code of Civil Procedure §1021.5), and any

12  other applicable provision for attorney fees and costs, based upon the violation of the underlying

13  public policies.

14                              **PRAYER FOR RELIEF**

15      **WHEREFORE,** Plaintiffs pray for judgment as follows:

16  1.    That the Court certify this action as a Class Action under Rule 23(a) and (b)(3) and

17        appoint Plaintiffs as representatives of the Class and their attorneys as Class

18        Counsel;

19  2.    For nominal, actual, exemplary and compensatory damages, including lost wages,

20        according to proof at trial;

21  3.    For restitution of all monies, wages, expenses, and costs due to Plaintiffs and the

22        Class;

23  4.    For liquidated damages under Labor Code § 1194.2;

24  5.    For reasonable attorneys' fees, costs and expenses pursuant to Labor Code §§ 1194,

25        218.5, 226 and Code of Civil Procedure § 1021.5;

26  6.    For pre-judgment and post-judgment interest, to the extent allowable by law;

27  7.    For all applicable penalties, whether civil or statutory, recoverable under Labor Code

28        §§203, 226, 558, and as otherwise authorized by statute or law;

8.     For an injunction restraining Defendants from continuing to engage in unlawful and unfair business practices in violation of Bus. & Prof. Code §17200, et seq.;

9.     For any other appropriate declaratory relief;

10.    For all such other and further relief as the Court deems proper and just under all the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury for all claims so triable.


DATED: October 4, 2022                                **BEN TRAVIS LAW, APC**


                                                      **HEWGILL COBB & LOCKARD, APC**




                                                      _____
                                                      Justin Hewgill, Esq.
                                                      Attorneys for Plaintiffs